[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON POST-VERDICT MOTIONS
This court previously denied two post- verdict motions that defendant Kevin S. McLaughlin filed. In each motion, the defendant attacked the jury's verdict, which was rendered on June 20, 2002, and the jury's special verdict, which was rendered on June 26, 2002. The jury on June 20 found the issues for plaintiff Albert D. Varga and found that he sustained economic damages in the amount of $3,000.00 and non-economic damages in the amount of $425,000.00 and awarded him $428,000.00 in damages. The jury on June 26 found that plaintiff Albert D. Varga had not released his claims against Dr. Kevin S. McLaughlin. The court now sets forth its reasons for denying the post-verdict motions.
This court will first address the motion that is entitled "Motion to Set Aside Verdicts and for New Trial, or alternatively, for Remittitur." With respect to the verdict that was rendered by the jury on June 20, 2002, the defendant asserts that the court, Rush, J., erred in granting on May 6, 2002, a pre-trial motion to preclude testimony, that this court made four erroneous evidentiary rulings during the trial and three errors in its charge to the jury. The defendant also asserts that the verdict is contrary to the evidence, i.e. that there was no evidence that the defendant deviated from the applicable standard of care and that the jury's award of economic damages was inconsistent with the amount of economic damages submitted to the jury. Reasons for rejecting each contention are clearly set forth in a post-trial memorandum that was filed by the plaintiff. See "Memorandum of Law in Opposition to the Defendant's Motion to Set Aside the Verdict, for New Trail, or Remittitur." The court adopts the plaintiffs response to each of the defendant's contentions.
With respect to the special verdict that the jury rendered on June 26, 2002, the defendant asserts that this verdict was contrary to the law and the evidence. During the trial, the defendant argued that the plaintiffs claims were barred by a release that the defendant had signed on August 23, 1996. The defendant argued that the court should find as a matter of CT Page 381 law that the plaintiffs claims were barred by the release and direct a verdict in favor of the defendant. After the court denied the motion for a directed verdict and ruled that it would allow parole evidence to explain the terms of the release, the defendant asked the court to bifurcate the trial and submit the release issue to the jury after the jury rendered a verdict on liability and damages. The defendant's request to bifurcate was granted. After the liability and damage issues were decided adversely to the defendant, the defendant argued that a new jury should hear the issues relating to the release. The defendant also argued that the jury should not hear evidence as to the amount of consideration the plaintiff received for the release. The court carefully considered these issues and rendered oral decisions. A transcript of the oral decisions has been signed and attached to this memorandum pursuant to Practice Book § 64-1(a).
The defendant also claims, with respect to the special verdict, that the court improperly instructed the jury regarding the standards for contract interpretation, that the court should have granted two motions for mistrial, and that the verdict was excessive. The plaintiff explains in his post-trial memorandum why these claims are without merit. The court adopts the plaintiffs response.
In the second post-trial motion, which is entitled "Motion for Judgment Notwithstanding the Verdicts," the defendant raises three issues, i.e. the release, the sufficiency of the evidence relating to a deviation from the applicable standard of care, and an evidentiary ruling. These issues were raised in the previous motion and have been discussed in the above paragraphs.
The foregoing explains the court's denial of the post-verdict motions. After the motions were denied, judgment was entered on the jury's verdicts in favor of plaintiff Albert D. Varga.
 ___________________ THIM, J.
CT Page 382